STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NO. 2021 CA 0009

MARKO AND ERICA JILL BACA, ARLIS AND DONNIA
BARROW, LEE AND TINA MARIE BLACKMON, ROY AND
VONDAL BLACKMON, ERNESTINE BOONE, RUSSELL BRACK,
DONALD AND PAMELA BRACK, MASTERN AND JUNE BRACK,
MARY CLARK, KEVIN AND DIANA CONNALLY, RUBY CRAFT,
BRADLEY CRAFT, ROBERT CRYER, EDWARD CRYER, KATIE
EVANS DAFFIN, RUSTY AND CARLA EGAN, BOBBY AND
FRANCES EGAN, JOEL EVANS, JIMMY FLENIKEN, JOHNNY
NASH, KINA HILL, RODNEY JARRELL, SCOTTY JEANE, TONI
JORDAN, JOHN LISA KERR, SUSAN KNIGHT MATHEWS,
EDWARD AND ELIZABETH KNOWLTON, JOHN KRAMER,
ROBERT AND MORGAN LEWIS, LUTHER LOGAN, JR.,
KATHERINE MARESH, BRENT AND BETTY McBRIDE, AMBER
McNEIL, ABBIE MITCHAM, WILLIAM AND GERALDINE
MITCHAM, KELLY NASH, LINDA NEWSOM, DONNIE AND
MARY PARKER, JOEL PENNINGTON, KENNETH PENNINGTON,
RICHARD PHILLIPS, VON SAVELL, MAX AND DONICE SHAW,
JEFFREY SIMMONS, JR., JEFFREY AND ALICE SIMMONS,
MARVIN SMITH, GLENNA SMITH, JOHN SMITH, MELVIN
SMITH, SILVIA SMITH, EMERY AND JEAN SOILEAU, WADE
STANLEY, CHARLES AND GERALDINE TILLEY, KENNETH
VINCENT, GREGG WALKER, MARK WILLIAMS, AND
LONNIE AND YVONNE YOUNG

VERSUS

SABINE RIVER AUTHORITY, STATE OF LOUISIANA

CHH

EW by CHH

Judgment Rendered: **JUN 0 4 2021**

* * * * *

Appealed from the
19th Judicial District Court
Parish of East Baton Rouge, State of Louisiana
No. 656098

The Honorable Timothy E. Kelley, Judge Presiding

\* \* \* \* \*

Jennifer N. Willis
New Orleans, Louisiana
and
Gary J. Gambel
New Orleans, Louisiana

Attorneys for Plaintiffs/Appellants,
Marko Baca, et al.


John P. Wolff, III
Nancy B. Gilbert
Sydnee D. Menou
Baton Rouge, Louisiana

Attorneys for Defendant/Appellee,
Sabine River Authority, State of
Louisiana

\* \* \* \* \*


BEFORE: THERIOT, WOLFE, AND HESTER, JJ.

**WOLFE, J.**

The plaintiffs in this inverse condemnation suit appeal summary judgments based on preemption and prescription, dismissing their claims against the defendant. We affirm.

**FACTS AND PROCEDURAL HISTORY**

This suit concerns the Toledo Bend Dam, which spans the Louisiana/Texas state line. The Dam was constructed, and is operated and jointly maintained, by the Sabine River Authority, State of Louisiana ("SRA-L"), and the Sabine River Authority, State of Texas ("SRA-T"), pursuant to a license issued by the Federal Energy Regulatory Commission ("FERC") in accordance with the Federal Power Act ("FPA").

The fifty-seven plaintiffs instituted this suit against SRA-L in March 2017, alleging that they own property in Louisiana near the Sabine River, downstream from the Dam. The plaintiffs contend that the construction of the Dam in 1969 caused significant changes to the River downstream from the Dam that resulted in catastrophic flash flooding of their properties on March 10, 2016. They claimed flooding had occurred in the past and it was inevitable that their properties would continue to flood in the future. They contended SRA-L's actions constituted a "taking" of their property without formal expropriation proceedings and without just compensation, in violation of the Louisiana Constitution. The plaintiffs prayed for damages, including just compensation to the full extent of their losses.

SRA-L removed the suit to federal court, alleging federal jurisdiction under 16 U.S.C. §825p, which provides federal courts with jurisdiction over duties and liabilities created by the FPA, and 28 U.S.C. §1331, which provides federal courts with jurisdiction over civil actions arising under the Constitution, laws, or treaties of the United States. The federal district court granted the plaintiffs' motion to remand the suit to state court, finding SRA-L did not meet its burden of establishing federal

3

subject matter jurisdiction under either cited authority. Because it lacked jurisdiction, the federal court denied as moot SRA-L's motion to dismiss the suit based on preemption. **Baca v. Sabine River Authority**, 2017 WL 5957099, **2-3 (M.D. La. 11/30/17).

Following remand, SRA-L filed exceptions of no cause of action and nonjoinder of a party. After a hearing, the trial court concluded the plaintiffs' suit was preempted under federal law, sustained the exception of no cause of action, and dismissed the suit with prejudice. The exception of nonjoinder of a party was denied as moot. The plaintiffs then appealed. This court held that, accepting the well-pleaded facts of the petition as true, SRA-L failed to carry its burden of proving that the plaintiffs' petition did not state a cause of action. Accordingly, this court reversed the trial court's judgment. **Baca v. Sabine River Authority**, 2018-1046 (La. App. 1st Cir. 12/27/18), 271 So.3d 223, writ denied, 2019-0149 (La. 3/18/19), 267 So.3d 95 (**Baca I**).

Thereafter, SRA-L answered the suit and asserted multiple defenses. SRA-L then filed two motions for summary judgment. One was based on preemption of the plaintiffs' claims under the FPA. The other was based on prescription under Louisiana law. The plaintiffs opposed both motions. The trial court considered the motions together, then rendered a single judgment that granted both motions and dismissed the plaintiffs' suit with prejudice. The plaintiffs now appeal, contending the trial court erred in granting the motions for summary judgment.

## DISCUSSION

After an opportunity for adequate discovery, a motion for summary judgment shall be granted if the motion, memorandum, and supporting documents show there is no genuine issue of material fact and the mover is entitled to judgment as a matter of law. La. Code Civ. P. art. 966A(3). The summary judgment procedure is favored and shall be construed to secure the just, speedy, and inexpensive determination of

4

every action. La. Code Civ. P. art. 966A(2). In determining whether summary judgment is appropriate, appellate courts review evidence *de novo* under the same criteria that governs the trial court's determination of whether summary judgment is appropriate. **In re Succession of Beard**, 2013-1717 (La. App. 1st Cir. 6/6/14), 147 So.3d 753, 759-60.

Although typically asserted through the procedural vehicle of the peremptory exception, the defense of prescription may be raised by a motion for summary judgment. **Hogg v. Chevron USA, Inc.**, 2009-2632 (La. 7/6/10), 45 So.3d 991, 997. When prescription is raised by exception, the party pleading the exception bears the burden of proving a claim has prescribed unless the claim is prescribed on the face of the petition, in which case the burden shifts to the plaintiff to show the claim is not prescribed. See **Hogg**, 45 So.3d at 998. When prescription is raised by a motion for summary judgment, the burden is somewhat altered and the movant is required to prove, based solely on documentary evidence and without the benefit of testimony at a hearing, that there is no genuine issue of material fact in dispute. **Hogg**, 45 So.3d at 998.

A fact is material if it potentially insures or precludes recovery, affects a litigant's ultimate success, or determines the outcome of the legal dispute. **Hines v. Garrett**, 2004-0806 (La. 6/25/04), 876 So.2d 764, 765 (*per curiam*); **Smith v. Our Lady of the Lake Hospital, Inc.**, 93-2512 (La. 7/5/94), 639 So.2d 730, 751. A genuine issue is one as to which reasonable persons could disagree; if reasonable persons could reach only one conclusion, there is no need for trial on that issue and summary judgment is appropriate. **Hines**, 876 So.2d at 765-66; **Smith**, 639 So.2d at 751. Because the applicable substantive law determines materiality, whether a particular fact in dispute is material must be viewed in light of the substantive law applicable to the case. **Bryant v. Premium Food Concepts,**

**Inc.**, 2016-0770 (La. App. 1st Cir. 4/26/17), 220 So.3d 79, 82, <u>writ denied</u>, 2017-0873 (La. 9/29/17), 227 So.3d 288.

The plaintiffs seek damages for the taking of their property by SRA-L, an agency and instrumentality of the State of Louisiana. <u>See</u> La. R.S. 38:2324A. The Louisiana Constitution provides that property shall not be taken or damaged by the State or its political subdivisions except for public purposes and with just compensation paid to the property owner or into court for his benefit. La. Const. art. 1, §4B(1). Compensation is required even though the State has not initiated expropriation proceedings in accordance with the statutory scheme established for that purpose. **Crooks v. Dep't of Nat. Res.**, 2019-0164 (La. 1/29/20), ___ So.3d ___, ___ (2020 WL 499233), <u>opinion corrected on rehearing</u>, (La. 4/9/20) (*per curiam*). The inverse condemnation action, which derives from the Takings Clauses of the federal and state constitutions, provides a procedural remedy to the property owner in instances where land has been taken or damaged and no expropriation proceeding has commenced. <u>See</u> U.S. Const. Amend 5; La. Const. art. I, §4; **Crooks**, ___ So.3d at ___; **State Through Dep't of Transp. & Dev. v. Chambers Inv. Co., Inc.**, 595 So.2d 598, 602 (La. 1992).

Louisiana Revised Statutes 13:5111, entitled "Appropriation of property by state, parish, municipality or agencies thereof; attorney, engineering and appraisal fees; prescription," pertinently provides that "[a]ctions for compensation for property taken by the state, a parish, municipality, or other political subdivision or any one of their respective agencies shall prescribe three years from the date of such taking." <u>See</u> La. R.S. 13:5111A.

The three-year prescriptive period set forth in La. R.S. 13:5111A is applicable to the plaintiffs' claims for compensation resulting from the taking of their property

6

by SRA-L.[1] See **Crooks**, ___ So.3d at ___. The prescriptive period begins to run when the claimant is aware or should have been aware of those facts that give rise to a cause of action. **Crooks**, ___ So.3d at ___; see also **Hawthorne v. Louisiana Dep't of Pub. Works**, 540 So.2d 1261, 1263 (La. App. 3rd Cir.), writ denied, 544 So.2d 406 (La. 1989). Ignorance of one's legal rights based upon known facts does not suspend or delay the running of prescription. **La Bruzzo v. State ex rel. Governor**, 2014-262 (La. App. 5th Cir. 11/25/14), 165 So.3d 166, 170, writ denied, 2014-2702 (La. 3/27/15), 162 So.3d 385.

The plaintiffs' takings claim is premised upon flooding that they allege resulted from changes to the River caused by the Dam. SRA-L contends that the plaintiffs' suit is prescribed because the plaintiffs had actual and/or constructive knowledge of prior flooding incidents more than three years prior to this suit being filed. In support, SRA-L submitted the plaintiffs' petition in this suit, in which the plaintiffs averred that "[f]looding of the type that occurred on March 10, 2016 has occurred in the past[.]" SRA-L additionally submitted petitions filed in two prior lawsuits by owners of property in the lower Sabine River Basin, seeking damages from SRA-L after flooding occurred in March of 2001 and October of 2009.[2]

One petition, filed in the 30th Judicial District Court in Vernon Parish in February 2002, asserted a class action against SRA-L and others for damages for opening the Dam's flood gates and creating "catastrophic floodwaters during March

---

[1] In its motion for summary judgment, SRA-L also asserted that the plaintiffs' claims were prescribed pursuant to the two-year prescriptive period established by La. R.S. 9:5624, which applies to actions for private property damaged for public purposes. On appeal, neither party disputes that La. R.S. 13:5111 provides the prescriptive period applicable to the plaintiffs' claims.

[2] In their opposition to the motion for summary judgment on the issue of prescription, the plaintiffs argued that SRA-L's summary judgment evidence should be disregarded because the documents were "inadmissible" and "irrelevant." Now, on appeal, the plaintiffs contend the trial court erred in allowing "records that did not meet the affiant's 'personal knowledge' standards for summary judgment under La. Code Civ. P. art. 966 and that are otherwise investigative reports excluded from the public records exception to the hearsay rule." On appeal, the plaintiffs' argument is specific to the trial court's consideration of FERC reports attached to the affidavit of an SRA-L attorney. The plaintiffs' argument does not include the petitions that were attached to a separate affidavit.

of 2001." In addition to the claim specific to opening the Dam's flood gates, the petition alleged the defendants failed "to maintain adequate detention capacity in [the] Toledo Bend Reservoir to store excess rainfall to avoid and/or mitigate catastrophic flooding events;" failed "to properly forecast rainfall in the watershed;" failed "to obtain timely rainfall data from the watershed;" failed "to utilize available rainfall data from the watershed in managing the lake levels;" failed "to properly maintain sufficient outflow capacity of the lower Sabine River;" and failed "to pre-release water from the Toledo Bend Reservoir to accommodate foreseeable rainfall events in the watershed." The claims were based on both negligence and the taking of property by state agencies, including SRA-L, without just compensation. SRA-L pointed out that the named class representatives included several plaintiffs also named in the instant suit.

The second petition was filed in 2010, and asserted claims for damages due to flooding that occurred downstream from the Dam in October 2009. Like the first, this petition alleged negligence in opening the Dam's flood gates as well as negligence in failing to act with due regard for rainfall. And, like the first, this petition alleged claims for damages based on both negligence and inverse condemnation.

In opposing the motion for summary judgment, the plaintiffs characterized the two prior suits as "unrelated" to this one. They explained that the prior suits sought damages for flooding caused by *operation* of the Dam, while this suit seeks damages for changes to the Sabine River caused by the Dam's *construction*. They contend the 2016 flood was a "mega-flood" of greater magnitude than previous floods and provided their first notice that *construction* of the Dam itself and its negative effect on the watershed led to the taking of their properties. Thus, they argued the prior petitions were irrelevant to when they knew a taking, as is alleged herein, had occurred. Moreover, although the plaintiffs concede that some of them were also

8

plaintiffs in the prior suits, they argue that awareness of prior flooding incidents by the common plaintiffs should not be imputed to the other plaintiffs to this suit.

The summary judgment evidence establishes that the plaintiffs knew or should have known of the increased risk of flooding and actual flood events more than three years prior to this suit being filed. Flooding that occurred in 2001 and 2009 was so significant as to incite lawsuits alleging each event constituted a taking of property by SRA-L without just compensation. We find no material distinction in the plaintiffs' argument that the previous suits were based on the operation of the Dam while this suit is based on the construction of the Dam and the changes it wrought. By 2009, the plaintiffs had or should have had sufficient knowledge to pursue inverse condemnation actions against SRA-L related to the Dam. SRA-L satisfied its burden of proving that the prescriptive period was triggered more than three years prior to this suit being filed. The plaintiffs' claims are prescribed. The trial court properly granted summary judgment and dismissed the plaintiffs' suit.

Because the summary judgment based on prescription supports dismissal of the plaintiffs' suit in its entirety, the issue of preemption raised in SRA-L's second motion for summary judgment is moot. It is well-settled that courts will not decide abstract, hypothetical, or moot controversies, as any judicial pronouncement on a moot issue would be an impermissible advisory opinion. **Cat's Meow, Inc. v. City of New Orleans,** 98-0601 (La. 10/20/98), 720 So.2d 1186, 1193. The plaintiffs' arguments regarding the admissibility of the FERC documents attached to the second affidavits SRA-L submitted in support of its motions for summary judgment are likewise moot; therefore, we make no pronouncement on their merits.[3]

---

[3] As set forth herein, we find that SRA-L carried its burden of proof on the motion for summary judgment based on prescription without reaching the second affidavit and attached FERC documents. Accordingly, whether the trial court erred in considering that affidavit and attached documents in granting the motion for summary judgment based on prescription is likewise a moot issue.

9

## CONCLUSION

For the reasons set forth herein, we affirm the judgment of the trial court that granted summary judgment on the issue of prescription and dismissed the plaintiffs' claims. Costs of this appeal are assessed to the plaintiffs-appellants.

**AFFIRMED.**