OSCAR V. POYDRAS D/B/A    *    NO. 2025-CA-0206
BROADWAY BAR

   *

VERSUS    COURT OF APPEAL

   *

THE CITY OF NEW ORLEANS    FOURTH CIRCUIT
AND WALLACE C. DRENNAN    *
INC.    STATE OF LOUISIANA

* * * * * * *

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2024-04721, DIVISION "E"
Honorable Omar Mason, Judge
* * * * * *
**Judge Paula A. Brown**
* * * * * *

(Court composed of Judge Paula A. Brown, Judge Tiffany Gautier Chase, Judge
Rachael D. Johnson)

Christian S. Smith
Mark William Smith
MARK W. SMITH & ASSOCIATES, PLC
500 N. Causeway Blvd.
Metairie, LA 70001

     COUNSEL FOR PLAINTIFF/APPELLANT


Elizabeth A. Weigand
ASSISTANT CITY ATTORNEY
Donesia D. Turner
CITY ATTORNEY
Corwin St. Raymond
CHIEF DEPUTY CITY ATTORNEY
1300 Perdido Street
City Hall - Room 5E03
New Orleans, LA 70112

     COUNSEL FOR DEFENDANT/APPELLEE

             AFFIRMED IN PART;
             VACATED IN PART;
             REMANDED
             SEPTEMBER 25, 2025

This case involves a peremptory exception of prescription. Appellant, Oscar Poydras d/b/a Broadway Bar ("Mr. Poydras"), appeals the November 19, 2024 judgment of the district court, which sustained the peremptory exception of prescription (the "exception") filed by Appellee, the City of New Orleans (the "City"), and dismissed all of Mr. Poydras' claims against the City with prejudice. Based upon our *de novo* review and for the reasons that follow, we affirm that portion of the judgment that granted the exception of prescription as to Mr. Poydras' inverse condemnation and trespass claims, vacate that portion of the judgment that dismissed Mr. Poydras' property damage claims, and remand the matter for further proceedings consistent with this opinion.

## FACTS AND PROCEDURAL HISTORY

Mr. Poydras is the owner and operator of Broadway Bar (the "bar") located at 3005 Broadway Street, New Orleans, Louisiana. On May 22, 2024, Mr. Poydras filed a *Petition for Damages Caused by Negligence, Trespass and Uncompensated Taking of Private Property for a Public Purpose* (the "petition"), naming the City

as a defendant.[1] In the petition, Mr. Poydras alleged that from October 1, 2020, until approximately September 30, 2023, the City was engaged in a construction project called the Marlyville-Fountainbleau Group C Construction (the "Project"), which took place on Fig Street and Broadway Street in front of and adjacent to the bar. The Project included repairing sewerage, water and drainage lines, as well as rebuilding streets, sidewalks and curbs throughout the City.  Mr. Poydras claimed that the work on the Project rendered the streets and sidewalks in front of the bar impassable and physically prevented bar patrons from accessing the bar. As a result, from November 24, 2020,[2] until approximately September 30, 2023, he was unable to open, operate or engage in any of the bar's business. According to Mr. Poydras, this forced closure of the bar constituted a taking of his property for a public purpose without just compensation. In addition, Mr. Poydras averred that from the date the construction commenced until June 1, 2023, the City, through its general contractor Mr. Drennan, commandeered his parking lot when it parked vehicles and heavy equipment on the lot and stored its construction supplies and debris there without his permission and without providing just compensation. Mr. Poydras asserted that this action by the City constituted a trespass. Lastly, Mr. Poydras asserted that the construction work and the trespass caused physical damage to the bar and parking lot. He is seeking damages for just compensation for the taking of his properties and the physical damage to his building and parking lot.

---

[1] Wallace C. Drennan ("Mr. Drennan") was also named as a defendant in the petition. However, this appeal solely pertains to the judgment on the exception filed by the City.
[2] The bar was forced to cease operations due to the COVID-19 Pandemic beginning March 2020 and ending November 24, 2020. However, Mr. Poydras alleges that the bar was unable to resume operations in November because of the ongoing Project.

The City filed the exception and argued that based upon the factual allegations raised in the petition, Mr. Poydras asserted a cause of action for an inverse condemnation. Thus, pursuant to La. R.S. 13:5111,[3] the prescriptive period for Mr. Poydras' claims for uncompensated takings or inverse condemnation had prescribed as a matter of law. Moreover, the City contended that Mr. Poydras cannot rely on the continuing tort doctrine for his allegations of a continued trespass to extend the prescriptive period because the City, a municipality, is governed by La. R.S. 13:1511, not the doctrine of torts. In opposition, Mr. Poydras posited that the actions by the City constituted a continuous taking and continuous trespass such that the prescriptive period does not end until the taking ceases. A hearing on the exception was held on November 8, 2024. On November 19, 2024, the district court rendered judgment in favor of the City, sustaining the exception and dismissing all claims asserted by Mr. Poydras against the City with prejudice. This timely appeal followed.

## STANDARD OF REVIEW/ BURDEN OF PROOF

This Court has previously noted that "[t]he applicable standard of review of a judgment on a peremptory exception of prescription turns on whether evidence was introduced on the exception . . . ."[4] *Green v. Phipps-Green,* 25-0006, p. 3 (La. App. 4 Cir. 6/19/25), ___ So. 3d ___, ___, 2025 WL 1711294, at *2 (citing *Mopsik v. Galjour*, 24-0189, p. 9 (La. App. 4 Cir. 9/25/24), 399 So.3d 811, 819). "In those

---

[3] Louisiana Revised Statutes 13:5111 will be more fully discussed, *infra*.

[4] Prescription—in this case liberative prescription—is defined as "a mode of barring of actions as a result of inaction for a period of time." La. C.C. art. 3447.

matters where evidence is introduced, the [district] court's findings are reviewed under the manifest error standard of review." *Id.* (citing *Attamari v. Allstate Prop. & Cas. Ins. Co.*, 24-0128, p. 7 (La. App. 4 Cir. 10/4/24), 400 So.3d 1156, 1162. Nevertheless, "when, as here, 'no evidence is introduced, then the *de novo* standard of review applies and the exception is decided based on the petition's allegations, which are accepted as true.'" *Id.* In the instant matter no evidence was introduced; hence, we apply a *de novo* standard of review.

"The prescriptive period applicable to an action is determined by the character of the action disclosed in the pleadings." *Faubourg Saint Charles, LLC v. Faubourg Saint Charles HOA, Inc.*, 18-0806, p. 4 (La. App. 4 Cir. 2/20/19), 265 So.3d 1153, 1157 (quoting *Born v. City of Slidell*, 15-0136, p. 8 (La. 10/14/15), 180 So.3d 1227, 1232). "The burden of proof is on the party pleading prescription; however, if prescription is evident on the face of the pleadings, the burden of proof shifts to the plaintiff to show the action has not prescribed." *Faubourg Saint Charles, LLC*, 18-0806, p. 4, 265 So.3d at 1157 (first citing *Metairie III v. Poche' Const., Inc.*, 10-0353, p. 4 (La. App. 4 Cir. 9/29/10), 49 So.3d 446, 449; then citing *Ivy Rest. New Orleans, LLC v. Torre*, 16-0777, p. 5 (La. App. 4 Cir. 2/1/17), 211 So.3d 676, 680).

With these precepts in mind, we turn to our *de novo* review.

**DISCUSSION**

4

In his appeal to this Court, Mr. Poydras assigns three errors,[5] and three issues for our review, which we summarize as follows: (1) the district court erred in granting the City's peremptory exception of prescription when it applied La. R.S. 13:5111; (2) the district court erred in failing to apply La. R.S. 9:5624 to determine prescription for damages caused to Mr. Poydras' property by the City; and (3) the district court erred in finding that the continuing tort doctrine did not apply to the facts of this case. We will address each argument in turn.

*La. R.S. 13:5111- Prescriptive Period for Taking Without Just Compensation*

Mr. Poydras asserts that he is entitled to just compensation because the City engaged in an inverse condemnation of his property when: (1) the Project prevented him from operating his bar for several years, which caused a forced closure and lost profits; and (2) the City commandeered his parking lot to park its construction vehicles.

The City does not dispute that Mr. Poydras' property was taken or that he lacks merit for an inverse condemnation action. Rather, the City argues that if, as alleged here, there was a taking and the property was taken for a public purpose the

---

[5] Specifically, Mr. Poydras' assignments of error are as follows:

(1) The District Court erred in granting defendant's Peremptory Exception of Prescription.

(2) The District Court erred in dismissing all of plaintiff's causes of action, against the City of New Orleans especially those not subject to the 3-year prescriptive period.

(3) The District Court erred in failing to apply La. R.S. 9:5624 to determine prescription for damages caused to Appellant's property by the City of New Orleans.

action should be governed by the three-year prescriptive period as set forth in La. R.S. 13:5111. We agree.

Louisiana Constitution Article I, § 4 (B)(1) provides, in pertinent part, that "[p]roperty shall not be taken or damaged by the state or its political subdivisions except for public purposes and with just compensation paid to the owner or into court for his benefit . . ." "[O]ur constitution requires compensation even though the State has not initiated expropriation proceedings in accordance with the statutory scheme set up for that purpose." *Avenal v. State*, 03-3521, p. 26 (La. 10/19/04), 886 So.2d 1085, 1103 (quoting *State, Through Dep't of Transp. and Dev. v. Chambers Inv. Co., Inc.*, 595 So.2d 598, 602 (La. 1992)). "This 'inverse condemnation' action 'provides a procedural remedy to a property owner seeking compensation for land already taken or damaged against a governmental or private entity having the powers of eminent domain where no expropriation has commenced.'" *Id.* at p. 26, 886 So.2d at 1104. "Inverse condemnation claims derive from the Takings Clauses contained in both the Fifth Amendment of the U.S. Constitution and Art. I, § 4 of the Louisiana Constitution." *Id.* The *Avenal* Court reaffirmed the three-pronged analysis the Supreme Court formulated in *Chambers* to determine whether a claimant is entitled to just compensation under the eminent domain provisions of Article I, § 4. These prongs include: (1) whether a recognized species of property right has been affected; (2) whether that property has been taken or damaged in a constitutional sense; and (3) whether the taking or damaging was for a public purpose under Article I, § 4 of the Louisiana

6

Constitution. *Id*. at pp. 26-27, 886 So.2d at 1104 (citing *State, Through Dep't of Transp. and Dev.*, 595 So.2d at 603).

However, the *Avenal* Court determined that, in the matter under review by that Court, it was unnecessary to conduct a full *Chambers* analysis. This is because the main issue in *Avenal* was prescription—the central issue in the instant case. The Supreme Court observed that the relevant consideration was whether the plaintiff's property was "taken" for a public purpose or whether it was "damaged" for a public purpose. The *Avenal* Court explained that the distinction between a taking and a damaging was relevant because of the differing prescriptive periods for actions arising out of those two causes of action, as enunciated in La. R.S. 13:5111 and La. R.S. 9:5624. "Section 5111 of Title 13 is entitled 'Appropriation of property by state, parish, municipality or agencies thereof; attorney, engineering and appraisal fees; prescription' and provides in pertinent part: "[A] proceeding brought against the state of Louisiana . . . or other political subdivision . . . for compensation for the taking of property by the defendant, other than through an expropriation proceeding . . . shall prescribe three years from the date of such taking." *Id.* at pp. 27-28, 886 So.2d at 1104. "Section 5624 of Title 9 provides: 'When private property is damaged for public purposes any and all actions for such damages are prescribed by the prescription of two years, which shall begin to run after the completion and acceptance of the public works.'" *Id.* at p. 28, 886 So.2d at 1104-05. "Thus, although the Louisiana Constitution provides that just compensation shall be paid when property is taken or damaged, La. R.S.

7

13:5111 provides a three-year prescriptive period for **takings** and La. R.S. 9:5624 provides a two-year prescriptive period for **damage**." *Id.* at p. 28, 886 So.2d at 1105 (emphasis in original).

Turning to the case *sub judice*, Mr. Poydras claimed legal property rights to his bar, its adjacent parking lot and the future profit derived from the bar. He specifically alleged that because of the Project he was unable to operate his business for several years, and this forced closure constituted a taking or inverse condemnation of his property. Mr. Poydras further claimed that the City trespassed on his property and took over physical use and possession of his parking lot without his permission or compensation, causing damages and rendering it unusable by his patrons. Mr. Poydras alleged that the damage to his bar, the parking lot and the non-operation of his bar was the direct result of the Project. Additionally, he alleged that the Project was in furtherance of a public purpose to repair the drainage system and the streets, and since the Project damaged his property and the profits derived therefrom, the City was required to compensate him for said damages. We note, however, that in his brief to this Court, Mr. Poydras fails to offer any viable argument to the City's prescription exception on the inverse condemnation. To the contrary, he concedes that La. R.S. 13:5111 "applies specifically to takings by a governmental entity, as is the case here," but argues that it would not bar all of his causes of actions.

Based on our *de novo* review and accepting the allegations in Mr. Poydras' petition as true, Mr. Poydras alleges an inverse condemnation and taking of his bar

8

and parking lot for a public purpose without just compensation. Accordingly, the three-year prescriptive provision in La. R.S. 13:5111, governing such takings, is applicable to these claims. Because the taking of his property commenced on October 1, 2020, Mr. Poydras had until October 1, 2023, to institute an action against the City. Mr. Poydras filed his petition on May 22, 2024; therefore, this claim is prescribed. This argument is unpersuasive.

*Failure to apply La. R.S. 9:5624*

Next, Mr. Poydras asserts that even if the inverse condemnation or takings claim has prescribed under La. R.S. 13:5111, he should still be granted relief under La. R.S. 9:5624. To support this assertion, Mr. Poydras cites *Avenal v. State, supra*, for the proposition that an action brought for damage to his property is one that is separate from a takings action. In response, the City protests that only now, before this Court, Mr. Poydras has for the first time raised that the prescriptive period found in La. R.S. 9:5624 is applicable to his claims for physical damage to his property. The City cites Uniform Rules—Courts of Appeal, Rule 1-3, which provides, in pertinent part, that "[t]he Courts of Appeal will review only issues which were submitted to the trial court." We find this assertion to be in error.

Based upon our review of the record, the City's memorandum in support of its exception of prescription only addresses prescription as it pertains to inverse condemnation. However, it is quite clear from Mr. Poydras' petition that he made claims for both an unconstitutional taking of his property without just

9

compensation—i.e., inverse condemnation—*and* physical damage to his building and parking lot.[6]

At the hearing on the exception of prescription, the district court recognized the distinction between Mr. Poydras' inverse condemnation claim and his claim for a continuing trespass but failed to address his claims for physical damage to his property because the exception was not specifically plead as to those claims. This Court has previously explained that, "although the peremptory exception of prescription may be heard for the first time by the appellate court, it must be presented in a formal pleading and cannot be injected as an issue in the case by brief or oral argument." *Lilly, Inc. v. Argus Tech. Sys., Inc.*, 538 So.2d 717, 721 (La. App. 4 Cir. 1989) (first citing La. C.C.P. art. 2163;[7] then citing *Bergeron v.*

---

[6] For example, in paragraphs 16 and 17 of his petition for damages, Mr. Poydras alleges:

16.

These acts of trespass causing damage constituted an actual taking of the private property of plaintiff by the City of New Orleans for a public purpose without compensation.

17.

The construction work engaged in by Defendants did in fact cause physical damage to the Broadway Bar building in the course of its repairs to the road and sidewalk causing cracks to appear in the building foundation and brickwork facade and interior.

Mr. Poydras also made a claim for a continuing trespass, which will be addressed below.

[7] Louisiana Code of Civil Procedure article 2163 provides:

A. The appellate court may consider a peremptory exception filed for the first time in that court if the exception is pleaded prior to a submission of the case for a decision and if proof of the ground of the exception appears of record.

B. If the ground for the peremptory exception pleaded in the appellate court is prescription or peremption, the plaintiff may demand that the case be remanded to the trial court for trial of the exception.

*Houma Hosp. Corp.*, 514 So.2d 1192 (La. App. 1st Cir. 1987), *writ denied* 517 So.2d 812 (La. 1988)).

However, as it is reflected in the record before this Court, the City did not present a formal pleading or even attempt to inject into its appellate brief or at oral argument that Mr. Poydras' damage claims were prescribed. In fact, following counsel for the City's argument on the exception, this colloquy between the district court and counsel for the City occurred:

> THE COURT: And that's to the inverse condemnation action, correct?
>
> COUNSEL: Yes, your Honor.
>
> THE COURT: There's also a trespass action – continuing trespass action.
>
> COUNSEL: As I read the petition, Your Honor, I only found one cause of action against the City for an inverse condemnation. Because you have the City as the actor[,] it's my understanding that inverse condemnation would be the appropriate action – was the action alleged, and the applicable prescription period would be [La. R.S.] 13:5111 since the City was the taker.

"It is a settled matter of law that Louisiana is a fact-pleading state." *Green* at p. 8, 2025 WL 1711294, at *5 (alteration in original) (quoting *Bergeron v. Bergeron*, 23-0161, p. 3 (La. App. 4 Cir. 11/16/23), 377 So.3d 817, 819). "Louisiana's Code of Civil Procedure establishes a system of fact pleading." *Id*. at p. 9, 2025 WL 1711294, at *5; see also *Martin v. Thomas*, 21-01490, p. 6 (La. 6/29/22), 346 So.3d 238, 242. "So long as the facts constituting a cause of action are alleged, the party may be granted any relief to which he is entitled under the pleadings and the evidence; the 'theory of the case' doctrine, under which a party

11

must select a theory of his case or defense and adhere to it throughout the litigation, has been abolished." *Id*. "This allows a plaintiff to recover under whatever legal theory is appropriate based on the facts pleaded." *Id*. As previously stated elsewhere in this opinion, the Supreme Court made clear in *Avenal* that "[a] distinction between a taking and a damaging is necessary because of the existence of two relevant prescription statutes, La. R.S. 13:5111 and La. R.S. 9:5624." 03-3521, p. 27 (La. 10/19/04), 886 So.2d 1085, 1104. Whether Mr. Poydras' property damage claims are actionable under La. R.S. 9:5624 or any other prescriptive period was not addressed by the district court and are not properly before this Court. (*See, e.g., Holmes v. City of New Orleans*, where this Court discussed the question of whether a plaintiff's property damage claim stemming from a public works project was subject to the prescriptive period found in La. R.S. 9:5624 or in La. C.C. arts. 3492 and 3493,[8] finding that it hinged on whether the damage was incurred for a public purpose. 24-0047, pp. 5-7 (La. App. 4 Cir. 7/16/24), 401

_____

[8] The statutes in effect at all times relevant to this case provided:

> La. C.C. art. 3492. Delictual actions
>
> Delictual actions are subject to a liberative prescription of one year. This prescription commences to run from the day injury or damage is sustained . . . .
>
> La. C.C. art. 3493. Damage to immovable property; commencement and accrual of prescription
>
> When damage is caused to immovable property, the one year prescription commences to run from the day the owner of the immovable acquired, or should have acquired, knowledge of the damage.

Those statutes were repealed by Acts 2024, No. 423, and were recodified as La C.C. arts. 3493.1 and 3493.2, with an effective date of July 1, 2024, and now provide for a two-year prescriptive period for delictual actions.

So.3d 731, 735-37). As such, the district court was in error to dismiss all of Mr. Poydras' claims with prejudice. This argument has merit.

*The District Court erred in failing to apply the Continuing Tort Doctrine*

We now turn to Mr. Poydras' final argument. Mr. Poydras contends that the continuing tort doctrine should apply to this case, which would prolong the prescriptive period. In response, the City argues that the appropriation of land or taking of property is not a tort. To support this argument the City cites *Crooks v. Dep't of Nat. Res.*, 19-0160 (La. 1/29/20), 340 So.3d 574. In *Crooks,* the plaintiffs, who were landowners, brought a claim for inverse condemnation against the Louisiana Department of Natural Resources. Both the lower and intermediate courts held that the plaintiffs' claims had not prescribed under La. R.S. 13:5111 by applying the continuing tort doctrine as utilized by the appellate court in *Cooper v. La. Dep't of Pub. Works*, 03-1074 (La. App. 3 Cir. 3/3/04), 870 So.2d 315. The Louisiana Supreme Court disagreed. The Supreme Court espoused that "by applying tort doctrine to an appropriation claim . . . the *Cooper* majority ignored the court's own longstanding precedent that '[t]he taking of property, by flooding or otherwise, without proper exercise of eminent domain, *is not a tort* but is considered an appropriation.'" *Crooks*, 19-0160, p. 13, 340 So.3d at 583 (quoting *Hawthorne v. Louisiana Dept. of Public Works*, 540 So.2d 1261, 1262 (La. App. 3 Cir. 1989)) (emphasis in original). The *Crooks* Court concluded that, consistent with La. R.S. 13:5111, "prescription begins to run when the claimant is aware of

the facts that give rise to a cause of action." *Id.* 19-0160, p. 15, 340 So.3d at 584 (citing *Hawthorne,* 540 So.2d at 1264).

Similar to the plaintiffs in *Crooks,* Mr. Poydras seeks compensation for the taking of his property. Applying the holding in *Crooks* to the facts of this case, we find that since the dispute is between Mr. Poydras and the City as the "taker" of the land used for the Project, Mr. Poydras' claim for compensation is governed by the prescriptive period in La. R.S. 13:5111. Furthermore, Mr. Poydras' "application of the continuing tort doctrine to this case, as opposed to La. R.S. 13:5111, contravenes the general rule under Louisiana law 'that when conflicting statutes are applicable, the one more specifically directed to the matter applies.'" *Crooks,* 19-0160, p. 14, 340 So.3d at 584 (quoting *Avenal*, 03-3521, p. 33, 886 So.2d 1085, 1108 n.29).

In sum, review of the record indicates that Mr. Poydras became aware of the City's construction no later than November of 2020, but he filed the petition on May, 22, 2024, more than three years from the date he became aware of the facts which gave rise to this suit. Therefore, we find that the continuing tort doctrine does not apply to Mr. Poydras' claim for inverse condemnation and his claim has prescribed pursuant to La. R.S. 13:5111. This argument is unpersuasive.

**CONCLUSION**

For the foregoing reasons and upon our *de novo* review, we affirm that portion of the judgment that granted the exception of prescription as to Mr. Poydras' inverse condemnation and trespass claims, vacate that portion of the

14

judgment that dismissed Mr. Poydras' property damage claims, and remand the matter for further proceedings consistent with this opinion.

**AFFIRMED IN PART;**
**VACATED IN PART;**
**REMANDED**